## (May 15, 1957)

■ In the Matter of the Accounting of JAY MATTICE, as Committee of the Person and Estate of EMMA KELLOGG, Deceased Incompetent, Respondent. SECURITY TRUST COMPANY OF ROCHESTER et al., Appellants.

*Per Curiam.* The committee was appointed December 4, 1946. He filed a bond for $2,000 and never took steps to increase the amount thereof although over a period of years he received assets of the incompetent totaling nearly $10,000. He failed to file an annual account. Shortly after his appointment and continuing to the death of the incompetent in 1951 he drew and cashed many checks payable to his order. In his final account he attempted to justify these payments as having been made for various purposes including marshalling assets, attempting to collect worthless assets and traveling to visit the incompetent. The trial court disallowed these and other claimed payments totaling $2,478.95 except for an allowed amount of $356.25. However, it is impossible to ascertain how this latter amount was fixed. We find the correct amount that should have been allowed to be the sum of $194.25, being the amount of $288.65 set forth in the supplement to Schedule G of the account as miscellaneous expenses, less the four items of "car mileage" totaling $94.40 set forth therein.

The committee was further allowed commissions of $472.59. This amount should be reduced to the sum of $295.04. It was improper to allow commissions on the moneys paid by the trustee under the will of the husband of the incompetent directly to the person who maintained and cared for the incompetent. These funds never passed through the hands of the committee and he took no action to have the moneys paid to him.

In our opinion it was error to award the committee the sum of $600 for extraordinary services rendered as committee of the property and the further sum of $400 for services as committee of the person of the incompetent. We find no basis in the record for these allowances. The services performed as committee of the property were routine. Moreover, as heretofore pointed out, there was a complete failure to file annual accounts and to comply with the statutes relating to furnishing security. The claimed services as committee of the person consisted of occasional visits to the incompetent who lived a short distance from the committee's residence and purchasing an occasional item of wearing apparel.

The order appealed from should be modified by (1) striking from the first ordering paragraph and the preceding recital clause the figures "$472.59" and inserting in place thereof the figures "$295.04"; (2) striking from the second ordering paragraph and the preceding recital paragraph the figures "$356.25" and inserting in place thereof the figures "$194.25"; (3) deleting the third and fourth ordering paragraphs and the respective preceding recital paragraphs; (4) striking from the fifth ordering paragraph and the preceding recital paragraph the figures "$749.75" and inserting in place thereof the figures "$2,089.30"; (5) amending the summary statement in the sixth ordering paragraph to reflect these changes and to credit the committee with a total of $7,414.29 leaving a balance on hand after the payment by the committee of the amount of $2,089.30, as surcharged, of $2,387.39 and (6) striking from the tenth ordering paragraph the figures "$634.17" and inserting in place thereof the figures "$1,983.72".

The order, as so modified, should be affirmed, with costs to the appellant, Security Trust Company of Rochester, against the appellant, United States Fidelity & Guaranty Company.

All concur. Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.

Order modified on the law and facts in accordance with the opinion and as modified, affirmed, with costs to the executor appellant against the appellant United States Fidelity & Guaranty Company.